IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN A. GONZALEZ,
      Plaintiff
      v.
MICHAEL ZENK, WARDEN, MOSHANNON
VALLEY CORRECTIONAL CENTER,
et al.,
      Defendants

Case No. 3:08-cv-291-KRG-KAP

Report and Recommendation

Recommendation

Plaintiff has filed a complaint about conditions at the Moshannon Valley Correctional Center, where he is an inmate. After screening the complaint pursuant to 28 U.S.C.§ 1915A, I recommend that it be dismissed for failure to state a claim. 28 U.S.C.§ 1915(e)(2)(B). If plaintiff wishes to proceed he must submit a meritorious amended complaint and also pay the $350.00 filing fee.

Report

Plaintiff alleges that he is serving a 48 month sentence imposed by the United States District Court for the Southern District of Texas, and that he has been in the S.H.U. at Moshannon Valley, whether in administrative custody or for disciplinary reasons is not clear, since his arrival in late August 2008. Plaintiff alleges he was told he has no rights, and demands $1000.00 for each day he has been held.

In Sandin v. Conner, 515 U.S. 472 (1994), the Supreme Court held that an inmate's removal from the general population and confinement in more restrictive conditions for thirty days did not implicate the Due Process Clause because it did not impose an

"atypical and significant hardship" when compared to the ordinary incidents of lawful confinement. Following Sandin, lower courts have held that unless the length of restrictive confinement is so great as to impose a significant hardship the constitution does require prison officials to justify such confinement as a disciplinary sanction or even to accompany it with a due process hearing. Confinement, sometimes without hearing, for significantly longer periods than plaintiff alleges has been approved. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir.1997) (inmate placed in administrative segregation for 15 months without hearing deprived of no interest protected by Due Process Clause); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir.2002)(seven months in disciplinary confinement did not implicate a liberty interest); Jones v. Baker, 155 F.3d 810, 813 (6th Cir.1998) (confinement in administrative segregation for two and one-half years is not atypical and significant hardship), cited with approval in Fraise v. Terhune, 283 F.3d 506, 523 (3d Cir.2002). Compare Shoats v. Horn, 213 F.3d 140 (3d Cir.2000) (eight years in solitary is atypical and the Due Process Clause requires review hearings); Brown v. Department of Corrections, 2007 WL 4322980 (W.D.Pa.2007) (assuming three and one-half years in administrative segregation triggers a due process interest in a hearing), affirmed on other grounds, 265 Fed.Appx. 107 (3d Cir.2008); and Wilkinson v. Austin, 545 U.S. 209 (2005) (challenge to transfer to supermax prison

2

cognizable under Due Process Clause). Because plaintiff alleges no fact other than his confinement in the S.H.U. for approximately four months, he states no federal claim. His remedy in any case would be an order directing prison officials to give him a hearing, not an award of $1000.00 per day. See 18 U.S.C.§ 3626(a)(1)(A)(placing limits on relief in prison condition cases to orders necessary to correct the violation) and id. § 3626(g)(7)(defining "prospective relief").

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has ten days to serve and file written objections to this Report and Recommendation. He must also pay the filing fee or submit a satisfactory motion under the Prison Litigation Reform Act for leave to proceed in forma pauperis. If plaintiff wants to amend his complaint, he may do so in the same time.

DATE: 30 December 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

    Juan A. Gonzalez, Reg. No. 77743-179
    Moshannon Valley Correctional Center
    P.O. Box 2000
    Philipsburg, PA 16866-0798

3